IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 2 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01390-BNB

DOUGLAS JAY WEST, a/k/a WOJCIECHOWSKI,

    Plaintiff,

v.

BOULDER COMMUNITY HOSPITAL AND PERSONNEL (DOES), Acting Admin.
    Director,
THE MENTAL HEALTH CEN. OF BOULDER COUNTY AND PERSONNEL (DOES),
    Acting Admin. Director,
TODD DORFMAN,
DR. WATTS,
ELIZABETH BARNETT,
CHARLES LITMAN,
ANNE HOCKMYER,
DR. JEAN-MARC C. WONG,
(DOES), to be named as revealed per discovery, et al.,

    Defendants.

---

ORDER ALLOWING PLAINTIFF TO PROCEED
WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

In an order filed on August 1, 2007, the court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), the court ordered Plaintiff either to pay an initial partial filing fee of $4.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. On August 20, 2007, Plaintiff submitted a certified copy of his inmate trust fund account statement showing that he lacks sufficient funds to pay the initial partial filing fee. The financial affidavit previously filed by Plaintiff reveals no other assets.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full

amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the action is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because he has demonstrated that he has no assets and no means by which to pay the initial partial filing fee, Plaintiff will be allowed to proceed in this action without payment of the initial partial filing fee designated in the court's August 1 order. The court will proceed to review the complaint pursuant to § 1915(e)(2)(B). However, although he may proceed without payment of an initial partial filing fee, Plaintiff remains obligated to pay the full $350.00 filing fee through monthly installments as directed in the court's August 1 order and reiterated below. Accordingly, it is

ORDERED that Plaintiff may proceed in this action without payment of the initial partial filing fee designated in the court's August 1, 2007, order because he has shown cause why he has no assets and no means by which to pay an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1). It is

FURTHER ORDERED that until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary

arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED August 22, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01390-BNB

Douglas Jay West
Prisoner No. 108376
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/22/07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk