IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 11 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01390-BNB

DOUGLAS JAY WEST, a/k/a WOJCIECHOWSKI,

    Plaintiff,

v.

BOULDER COMMUNITY HOSPITAL AND PERSONNEL (DOES), Acting Admin. Director,
THE MENTAL HEALTH CEN. OF BOULDER COUNTY AND PERSONNEL (DOES), Acting Admin. Director,
TODD DORFMAN,
DR. WATTS,
ELIZABETH BARNETT,
CHARLES LITMAN,
ANNE HOCKMYER,
DR. JEAN-MARC C. WONG,
(DOES), to be named as revealed per discovery, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Douglas Jay West is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility at Buena Vista, Colorado. Mr. West initiated this action by filing *pro se* a notice of intent to sue. On July 27, 2007, he filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. On August 27, 2007, Magistrate Judge Boyd N. Boland ordered Mr. West to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. On September 24, 2007, Mr. West filed a "Motion to Direct Instant Action to Proper Jurisdiction and to Waive Cost of 07-cv-1390-BNB."

The Court must construe the complaint and other papers filed by Mr. West liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. West asserts claims for negligence and medical malpractice in his complaint. He specifically alleges that Defendants violated state law when they failed to provide medical treatment in July 1999 when Mr. West was taken to the Boulder Community Hospital during a psychotic episode. Mr. West alleges that he was allowed to walk away from the hospital without receiving any medical treatment and that, because he did not receive any medical treatment, he soon committed a crime that led to his current incarceration.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light*

*Co.*, 495 F. 2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

The Court agrees with Magistrate Judge Boland's determination that the Court lacks subject matter jurisdiction over Mr. West's negligence and medical malpractice claims. As noted above, Mr. West asserts those claims pursuant to 42 U.S.C. § 1983. However, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Mr. West does not allege that his federal rights have been violated in any way and he asserts that Defendants were not acting under color of state law. Therefore, the complaint and the action will be dismissed for lack of subject matter jurisdiction.

In his "Motion to Direct Instant Action to Proper Jurisdiction and to Waive Cost of 07-cv-1390-BNB," Mr. West asserts that he was misled by the Court to believe that his claims properly were asserted pursuant to § 1983. He further alleges that he would not have pursued this action if the Court had not directed him to file a § 1983 action in response to his statutory notice of intent to sue. Therefore, he asks the Court to transfer this action to the proper jurisdiction and to waive the filing fee that he has been ordered to pay.

The Court did not mislead Mr. West or direct him to assert his claims pursuant to 42 U.S.C. § 1983. Upon receipt of the statutory notice of intent to sue, Magistrate Judge Boland entered an order directing the clerk of the Court to commence a civil action and directing Mr. West to cure certain deficiencies if he wished to pursue his

claims in this Court. One of the deficiencies noted by Magistrate Judge Boland was the fact that Mr. West had not filed a complaint. Because Mr. West is incarcerated, Magistrate Judge Boland directed the clerk of the Court to provide Mr. West with a Prisoner Complaint form. The Court's Prisoner Complaint form is designed to be used by prisoners asserting a variety of claims and is not limited to claims of constitutional violations pursuant to 42 U.S.C. § 1983.

Therefore, the "Motion to Direct Instant Action to Proper Jurisdiction and to Waive Cost of 07-cv-1390-BNB" will be denied. Because Mr. West alleges that Defendants violated state law, it appears that his claims properly should be raised in an appropriate state court. However, the Court lacks authority to transfer this action to a state court. **See *McLaughlin v. ARCO Polymers, Inc.***, 721 F.2d 426, 429 (3d Cir. 1983). Furthermore, the Court lacks authority to waive the filing fee. **See** 28 U.S.C. § 1915(b)(1). Accordingly, it is

ORDERED that the "Motion to Direct Instant Action to Proper Jurisdiction and to Waive Cost of 07-cv-1390-BNB" filed on September 24, 2007, is denied. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this __10__ day of __Oct.__, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01390-BNB

Douglas Jay West
Prisoner No. 108376
Buena Vista Corr. Facility
PO Box 2017 - SEG - UN 14
Buena Vista, CO 81211

    I hereby certify that I have mailed **a copy of the ORDER AND JUDGMENT** to the above-named individuals on \_\_10/11/07\_\_

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk